**STATE of Minnesota, Respondent,**

v.

**Patrick Michael SMITH, Appellant.**

**No. C7–85–2041.**

Court of Appeals of Minnesota.

May 6, 1986.

Review Denied July 16, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Vernon D. Swanum, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Patrick Smith was convicted of felony possession of marijuana, Minn.Stat. § 152.09, subd. 1(2) (1984). On appeal he

challenges the search and seizure of evidence as a violation of his Fourth Amendment rights. We affirm.

## FACTS

At approximately 1:30 p.m. on July 26, 1985, Mark Wilhelmson, a St. Louis County social worker received an anonymous complaint involving possible child abuse. The caller reported that appellant had kicked his eight year old and three year old sons, and that he had given the children marijuana to smoke. Because the allegations involved physical abuse, Wilhelmson decided to have a police officer accompany him in the investigation.

Within an hour Wilhelmson went to appellant's apartment with two Duluth police officers. They knocked on the front door but received no answer. Because they heard noises from the side of the apartment, they walked around the side of the building to see if appellant or his children were there. A cable TV worker who the officers saw told them that he thought appellant was home so they walked toward the back of the building. As they walked, one officer looked into a picture window of the apartment and observed a young girl as well as two large marijuana plants.

The officers then observed three men in the back yard and approached them. As they approached, the officers noticed several marijuana plants on the floor of a glassed in porch. One of the men identified himself as appellant. The officers told appellant about the allegations and asked if Wilhelmson could speak with his children. Appellant replied "sure" or "okay." Several other marijuana plants were observed inside the apartment.

The officers arrested appellant while a search warrant was being obtained. Among the items seized pursuant to the search warrant were 35 marijuana plants, individually marked baggies with seeds, and a book entitled "Marijuana Growers Guide." Following an omnibus hearing, the court ruled that all evidence seized was admissible over any constitutional challenge. The case was submitted based on stipulated facts and appellant was found guilty of possession of marijuana. Smith appeals, claiming that the police seizure of the plants was illegal.

## ISSUE

Were the police lawfully engaged in an activity in a place they were justified to be when they saw incriminating evidence in plain view?

## ANALYSIS

■ In certain circumstances when police see incriminating objects in plain view the police may seize the objects and they will be admissible as evidence. *See State v. Severtson*, 304 Minn. 487, 232 N.W.2d 95 (1975). For the plain view doctrine to apply, the initial intrusion which afforded the plain view must have been lawful, the discovery of the evidence must have been inadvertent, and the incriminating nature of the evidence must have been immediately apparent. *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). Appellant admits that the incriminating nature of the plants was immediately apparent, but he contends that the evidence is inadmissible because the police were not lawfully on the premises and the evidence was not inadvertently discovered.

Appellant first contends that the officers were not justified in being where they were when they saw the plants. Appellant admits that the officers could knock on the door, but claims that they were not allowed to walk along the side of the apartment. Appellant bases this belief primarily on the fact that there was no sidewalk around the side of the apartment so that area was not open to the public. Because the side of the apartment was not open to the public, appellant contends that the officers were not lawfully on the premises.

■ We disagree. Within one hour of a report of violent physical abuse of young children, Wilhelmson and the police officers arrived at appellant's apartment. Under Minn.Stat. § 626.556, subd. 10(a) (1984) the

social services department was obligated to conduct an immediate assessment of the report of possible child abuse. Further, the agency and the local police are given authority to interview the alleged victim at any place where the alleged victim or other minors might be found. Minn.Stat. § 626.-556, subd. 10(b).

Given the officer's statutory duty to investigate the report, we do not believe that their minor intrusion of walking along the apartment and looking into the open window was unlawful. When they heard noises from the side of the building, they quite naturally walked towards the back of the building to investigate. Proceeding toward the rear of the building was completely compatible with the scope of the officer's original purpose of being on the premises. *See United States v. Anderson,* 552 F.2d 1296, 1299–1300 (8th Cir.1977). When they looked into the window, they were reasonably attempting to determine if anyone was inside the apartment. *See United States v. Gabriel,* 715 F.2d 1447, 1450 (10th Cir. 1983).

Appellant also contends that the evidence is inadmissible because the marijuana was not inadvertently discovered. Appellant contends that the police knew in advance that appellant possessed marijuana and that they intended to seize it and arrest appellant when they investigated the alleged child abuse. In support of this contention, appellant notes that the search warrant which was later completed stated that within the past 30 days appellant had possessed LSD and marijuana and was selling those substances.

Appellant is correct in contending that the plain view rule does not apply if the evidence was not inadvertently discovered. *See Coolidge v. New Hampshire,* 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). However, we disagree with appellant's contention that the discovery was not inadvertent. The record simply does not support a finding that the arresting officers themselves knew in advance that appellant possessed marijuana and that they intended to seize it. Nothing

in the record suggests that they had probable cause to believe marijuana would be in the house or that they intended to seize it when they went to the home to investigate the possible child abuse.

### DECISION

Because the officers were lawfully engaged in an activity in a place they were justified to be when they inadvertently saw incriminating evidence in plain view, the trial court did not err in ruling that the seizure was lawful under the plain view doctrine.

Affirmed.